UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY TARPLEY | § § | |
| VS. | § § | CIVIL ACTION NO. |
| THE NATIONAL BASKETBALL ASSOCIATION, INC. AND DALLAS BASKETBALL LIMITED D/B/A THE DALLAS MAVERICKS | § § § § § | _____ JURY |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, ROY TARPLEY, (hereinafter referred to as "Tarpley") and files this his Original Complaint complaining of Defendants, The National Basketball Association, Inc. and Dallas Basketball Limited d/b/a The Dallas Mavericks (referred to collectively herein as "Defendants") and for which cause of action would respectfully show the Court the following:

## PRELIMINARY STATEMENT

1.  This is a civil action seeking monetary relief, including compensatory damages, punitive damages, attorneys' fees, and costs, brought pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* (hereinafter referred to as the "ADA"), and other state law causes of action.

## PARTIES

2.  Tarpley is a resident of Dallas County, Texas and a citizen of the State of Texas.

3.  Defendant, The National Basketball Association, Inc. (hereinafter referred to as the "NBA") is an integrated business enterprise that is organized as a joint

1

venture, with each of its thirty member teams operating a professional basketball team in a particular geographic region in North America. The NBA conducts business in the State of Texas and conducts business in the Southern District of Texas. The NBA is incorporated under the laws of the State of New York as a not-for-profit corporation and maintains its headquarters at 645 Fifth Avenue, New York, New York 10022. The NBA does not maintain a registered agent for service of process; therefore, service may be affected upon the New York Secretary of State, Department of State, 41 State Street, Albany, New York 12231-0001. At all times relevant hereto, Defendant has employed in excess of twenty employees and was Tarpley's employer. Thus, the NBA has met the definition of an "employer" under all applicable statutes.

4. Defendant, Dallas Basketball Limited d/b/a The Dallas Mavericks (hereinafter referred to as the "Dallas Mavericks") is a Texas limited partnership doing business in Texas and in the Southern District of Texas as The Dallas Mavericks. The Dallas Mavericks is one of the NBA's thirty member teams. Its registered agent for service of process is Capital Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701. At all relevant times, Defendant has employed in excess of twenty employees and was Tarpley's employer. Thus, the Dallas Mavericks has met the definition of an "employer" under all applicable statutes.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, under 28 U.S.C. §§ 1331, 1343 (4), and 1367 and 42 U.S.C. § 1988. The matter in controversy arises under the statutes and laws of the United States, and is brought for equitable relief and money damages.

602424.2/SPH/11038/0101/092607

6. Venue is proper in this judicial district under 29 U.S.C. §1391 (b) as the Defendants conduct business in the Southern District of Texas, and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred within this district.  Moreover, Tarpley resided in Houston, Texas while being tested for drugs and alcohol as part of his application for reinstatement, and also received the denial of his application for reinstatement while residing in Houston.

7. All administrative remedies have been exhausted, including the timely filing of a charge of discrimination with the Equal Employment Opportunity Commission.

## ADMINISTRATIVE REQUIREMENTS

8. On or about July 20, 2006, Tarpley filed a Charge of Discrimination against the NBA with the Equal Opportunity Commission ("EEOC"), Charge No. 460-2006-04831.  A true and correct copy of Tarpley's Charge of Discrimination is attached hereto as Exhibit "A."

9. Tarpley filed an Amended Charge of Discrimination on October 20, 2006, to include The Dallas Mavericks as his employer.  A true and correct copy of the Amended Charge of Discrimination is attached hereto as Exhibit "B."  Tarpley's Charge of Discrimination was timely filed after the alleged unlawful employed practice occurred. Ultimately on May 17, 2007, after conducting an investigation into Tarpley's charges, the EEOC determined that there was reason to believe that violations of the ADA had occurred.  A true and correct copy of the EEOC's Determination of ADA Violations is attached hereto as Exhibit "C."

10. Tarpley received the right to sue letter from the EEOC dated June 28, 2007. A true and correct copy of the Right to Sue letter is attached hereto as Exhibit "D."

This lawsuit was filed within ninety (90) days thereof.  Thus, Tarpley has satisfied all administrative filing requirements under the American with Disabilities Act, 42 U.S.C. §12101. *et seq.*, prior to commencing this action.

## FACTUAL BACKGROUND

11.     The Dallas Mavericks drafted Tarpley as the seventh overall draft pick in 1986.  From that time until 1991, Tarpley was employed by the Dallas Mavericks as an NBA basketball player. In 1989, he was named the NBA's Sixth Man of the Year.  Unfortunately, due to issues with drug and alcohol abuse, Tarpley was suspended in 1991 for violating the NBA's drug and alcohol policy.  He spent the next two years playing basketball in Greece before being reinstated by the NBA in 1994 and resuming his employment with the Dallas Mavericks.

12.     As a condition of his 1994 reinstatement, Tarpley was prohibited from the further use of illegal drugs or alcohol, despite the fact that the NBA does not consider alcohol to be a banned substance.  On December 7, 1995, Tarpley was suspended indefinitely from the NBA because he tested positive for alcohol use while on the injured reserve list.  He did <u>not</u> test positive for the use of illegal drugs.  The basis for the NBA's indefinite suspension of Tarpley was that testing showed that he had a blood alcohol level of approximately 0.003%.  To put this extremely low test result into perspective, the State of Texas will not consider a driver to be presumptively intoxicated unless his blood alcohol level meets or exceeds .08%.

13.     Following his suspension, Tarpley played basketball overseas.  He later entered a drug and alcohol recovery program in 2003 with the help of John Lucas and Gus Gerard, Director of the Next Step for Men.

14. On July 7, 2003, Tarpley applied for reinstatement with the NBA. It was very important for Tarpley to be reinstated. He had limited years as a professional basketball player and wished to regain his reputation. Pursuant to Tarpley's application for reinstatement, Tarpley received a letter from Michelle Pujals, Assistant General Counsel for the NBA, requiring Tarpley to undergo weekly drug testing for 52 consecutive weeks prior to submitting his application for reinstatement. Subsequently, Tarpley submitted the negative results of his drug testing on two separate occasions. However, on June 10, 2004 and on October 22, 2004, Ms. Pujals rejected Tarpley's application on the basis that Tarpley had not met the strict requirement of having drug tests performed every week for 52 consecutive weeks.

15. In order to meet this onerous requirement, Tarpley put his career on hold, turned down opportunities to play elsewhere, and moved to the Next Step for Men facility in Houston, Texas so that he could ensure that he could be tested on a weekly basis for 52 weeks. Tarpley successfully completed his 52 weeks of drug and alcohol testing on April 27, 2005. Each and every test performed during the 52 week period showed that Tarpley had not ingested either drugs or alcohol. On February 15, 2005, Gus Gerard wrote the NBA confirming that Tarpley would complete his drug testing as of April 27, 2005, and also indicated that Tarpley "has done 80 hours of service work in the community speaking to court-referenced children and adults who have gotten in trouble with drugs and alcohol." Tarpley sent all records of testing to the NBA upon completion of the 52 consecutive weeks of drug and alcohol testing.

16. On March 10, 2005, Tarpley received a letter from Ms. Pujals acknowledging receipt of all drug testing performed in accordance with the NBA's

request. Further, at the NBA's request, Tarpley filed a new application for reinstatement. Tarpley was also informed by the NBA that his application was in good order for reinstatement

17. Unexpectedly, on October 4, 2005, in complete disregard of the extraordinary efforts made by Tarpley to comply with the NBA guidelines, Tarpley received a letter from Richard Buchanan stating that the NBA would not grant Tarpley's application and therefore Tarpley would remain disqualified from playing in the NBA.

18. Defendants violated the Americans with Disabilities Act in refusing to reinstate Tarpley into the NBA. Specifically, Defendants discriminated against Tarpley on the basis of his disability as a recovering drug and alcohol abuser. Defendants discriminated against Tarpley by denying him the opportunity to be reinstated as an NBA player, for which he was fully qualified, because of his disability, because Defendants regarded him as disabled, and/or because of his record of disability.

19. Additionally, Defendant NBA also subjected Tarpley to its unlawful policy and practice of conducting a pre-employment medical examination without first providing a conditional offer of employment, in direct contravention of the ADA. Defendants violated 42 U.S.C. § 12112(d)(3) in failing to give Plaintiff a conditional offer before requiring that he submit to 52 consecutive weeks of drug and alcohol testing. These actions were either committed by Defendants or known to Defendants and tolerated by Defendants acting through their agents and/or representatives. The effect of the practice complained of has been to deprive Tarpley of equal employment opportunities because of his disability.

20. On or about July 20, 2006, Tarpley filed a charge of discrimination with the EEOC. Following an investigation into the charges, the EEOC determined that discrimination had occurred. *See* Exhibit "C." Thereafter, the EEOC issued a determination that violations of the ADA likely occurred (Exhibit "C") and Tarpley received a notice of right to sue, timely brought this action. *See* Exhibit "D."

21. As a result of Defendants' actions and their violation of the Americans with Disabilities Act, Tarpley has been damaged, including but not limited to, loss of earnings, earning capacity, career development, back and front pay, emotional trauma, the recovery of reasonable and necessary attorneys' fees and other necessary equitable relief.

22. The unlawful employment practices complained of were and are intentional, done with malice and/or showed a deliberate, willful, wanton, and reckless indifference to Tarpley's civil rights.

### Count I
### ADA—DISABILITY DISCRIMINATION

23. Tarpley reaffirms and realleges the allegations contained in paragraphs 1 through 22 above, and states further:

24. Tarpley is a qualified individual with a disability within the meaning of the ADA, in that he has a disability in the form of past drug and alcohol abuse, which substantially limits at least one of his major life activities.

25. Tarpley has a record of or is regarded as having such a disability within the meaning of the ADA.

26. It would have been possible for Defendants to reasonably accommodate Tarpley's disability without undue hardship. Further, Tarpley complied with all of the

7

prerequisites necessary to be reinstated in the NBA. However, instead of reinstating Tarpley, Defendants harassed and unlawfully discriminated against Tarpley by needlessly subjecting him to 52 consecutive weeks of drug and alcohol testing.

27.   At all relevant times, the ADA expressly prohibited Defendants from limiting, segregating, or classifying Tarpley in any way which would affect his job opportunities or status with Defendants because of his impairments, and utilizing standards, criteria, or method of administration that have the effect of discrimination or that would perpetuate discrimination against Tarpley.

28.   In violation of the ADA, Defendants:

A.   Harassed Tarpley and utilized standards and criteria which unlawfully discriminated against Tarpley;

B.   Violated 42 U.S.C. §12112(d) in failing to give Tarpley a conditional offer of employment before requiring that he undergo 52 consecutive weeks of drug and alcohol testing; and

C.   Willfully and wantonly discriminated against Tarpley in refusing to reinstate him to the NBA in direct violation of the ADA.

29.   Defendants' reasons for refusing to reinstate Tarpley were due to Tarpley's disability, and Defendants' stated reasons for denying his reinstatement were pretextual.

30.   As a direct and proximate result of Defendants' violation of the ADA, Tarpley has lost and will continue to lose income, including but not limited to salary, raises, insurance, and other employment benefits. Plaintiff has also suffered severe emotional distress, physical illness, outrage, humiliation concerning his ability to support himself financially, as well as the disruption of his personal life and damage to his reputation.

602424.2/SPH/11038/0101/092607

## Count II
## ADA—VIOLATION

31.     Tarpley reaffirms and realleges the allegations contained in paragraphs 1 through 30 above, and states further:

32.     Defendants maintain a policy and practice of conducting pre-employment medical examinations without first providing the candidates with a conditional offer of employment, in violation of the ADA.

33.     Defendants violated the ADA by subjecting Tarpley to unlawful pre-employment medical examinations without providing him with a conditional offer of employment.

34.     As a direct and proximate result of Defendants violation of the ADA, Tarpley has suffered and continues to suffer harm for which he is entitled to an award of damages.

## Count III
## PROMISSORY ESTOPPEL

35.     Tarpley reaffirms and realleges the allegations contained in paragraphs 1 through 34 above, and states further:

36.     Tarpley pleads recovery under the doctrine of promissory estoppel.

37.     Defendants made promises and representations to Tarpley about his ability to be reinstated into the NBA if he underwent 52 consecutive weeks of drug and alcohol testing. It was foreseeable that Tarpley would rely on such promises. In foregoing opportunities to play basketball for teams elsewhere, Tarpley relied on such promises to his detriment.

38.     Injustice can be avoided only by enforcing Defendants' promise to Tarpley.

## Count IV
## **CLAIM FOR EXEMPLARY DAMAGES**

39. The wrong done by Defendants was the kind typified by willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Defendants' conduct was intentional or with conscious indifference to the rights of Tarpley and without justification or excuse. Tarpley, therefore, is entitled to an award of exemplary damages in a sum to be determined by the trier of fact.

## Count V
## **CLAIM FOR ATTORNEYS' FEES**

40. Tarpley has been required to retain counsel to prosecute his claims and seeks recovery of his reasonable attorneys' fees, costs, and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Tarpley requests that Defendants be summoned to appear and answer and that on final trial he have the following:

(1) Judgment against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court;

(2) An award of exemplary damages against Defendants, jointly and severally, in a sum determined by the trier of fact;

(3) Attorneys' fees in a reasonable amount, together with conditional awards in the event of appeal, together with costs of court;

(4) Interest prior to judgment from April 27, 2005, to date of judgment at the maximum rate prescribed by law;

(5) His costs in the matter expended;

(6) Interest after judgment at the maximum lawful rate on all the above sums from date of judgment until paid;

(7) Such other and further relief to which he may be justly entitled.

10

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Respectfully submitted,

**STRASBURGER & PRICE, LLP**

*/s/ Gary J. Siller*
**GARY J. SILLER**
Federal ID No. 3050
State Bar No.  18350300
**JANA  H. WOELFEL**
Federal ID No. 16898
State Bar No.  00788701
1401 McKinney Street, Suite 2200
Houston, Texas 77010-4035
(713) 951-5600 – Telephone
(713) 951-5660-- Facsimile


**JOSEPH W. WALKER**
State Bar No.  00785168
**TOM MOSELE**
State Bar No. 14564900
**FRANKLIN, MOSELE & WALKER, P.C.**
4200 Westheimer, Suite 130
Houston, Texas 77027
(713) 840-7395 -- Telephone
(713) 840-7448 – Facsimile

**ATTORNEYS IN CHARGE FOR PLAINTIFF ROY TARPLEY**