Tarpley v. National Basketball Association, Inc. et al

Doc. 1 Att. 3

EXHIBIT "C"



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Phone: (212) 336-3620
General Fax: (212) 336-3625
TTY: (212) 336-3622

Charge No.: 460-2006-04831

Roy Tarpley, Jr.                  Charging Party
c/o Joseph W. Walker, Esq.
Franklin, Mosele & Walker P.C.
4200 Westheimer Road, Suite 130
Houston, Texas 77027-4426

                                      Respondent

NATIONAL BASKETBALL ASSOCIATION
c/o Howard L. Ganz, Esq.
Proskauer Rose, LLP
1588 Broadway
New York, New York 10036-8299

                                      Respondent

DALLAS BASKETBALL LIMITED d/b/a
DALLAS MAVERICKS
Terdema L. Ussery, President & CEO
2909 Taylor Street
Dallas, Texas 75287-1909

### DETERMINATION

Under the authority vested in the United States Equal Employment Opportunity Commission ("Commission"), issues the following determination as to the merits of the subject charges filed under the American Disabilities Act ("ADA"), as amended. Timeliness and all other jurisdictional requirements have been met.

Charging Party, Roy Tarpley Jr., is a basketball player formerly employed by Respondent Dallas Basketball Limited, d/b/a Dallas Mavericks ("Mavericks"). The Mavericks are one of the teams

constituting Respondent National Basketball Association ("NBA"). The NBA, on behalf of its associated teams, negotiates the collective bargaining agreements applicable to employment relationships between teams and their players ("NBA-CBA:"). The NBA-CBA contains an Anti-Drug Policy; players who violate the policy may be suspended or disqualified: disqualified players cannot play for any NBA team. The NBA-CBA identifies prohibited drugs and substances for purposes of the Anti-Drug Program; alcohol is not listed. Under the terms of thee NBA-CBA, a disqualified player can be reinstated after two years; listed factors include completion in a rehabilitation program.

The Charging Party was drafted in 1986. In 1991 the NBA suspended the Charging Party for violating its Anti-Drug Policy for the use of cocaine. In 1995, after the Charging Party tested positive for alcohol on a breathalyzer, scoring a .003 (three one-thousands), the Charging Party was disqualified under the Anti-Drug Policy for his use of alcohol.

The Charging Party went to Europe to play. In 2003 he returned to the United States and entered a recovery program, Next Step for Men. He also joined a team in the Continental Basketball Association. On July 3, 2003 he applied for reinstatement in the NBA. On July 15, 2003 the NBA responded, requiring the Charging Party to pass weekly drug test.

During the next year, the Charging Party took and passed all drug tests; he missed one test due to his work schedule. At no time did he fail a test. In June, 2003 and November, 2004 the NBA declined to reinstate the Charging Party, citing the missed drug test. He therefore moved into the Next Step for Men facility, and completed an uninterrupted year of drug testing. After passing all tests, he reapplied. On or about October, 2005, the NBA refused to reinstate the Charging Party. Because he has not been reinstated, the Charging Party cannot apply for employment as an NBA player, including the Mavericks, his former team.

The NBA asserts that its Anti-Drug Policy is consistent with Congress' purpose in enacting the ADA, and that in any event it is not obligated to reinstate the Charging Party. The Mavericks assert that they did not have input into the NBA's decision not to reinstate the Charging Party.

Based on the evidence collected in the investigation, I find that the Respondents have violated the ADA. Although the Anti-Drug Policy is generally consistent with Congress' purpose in enacting the ADA, there is no evidence that the Charging Party is currently using drugs or alcohol, or has used drugs or alcohol in the past 4 years. Respondents violated the ADA by not reinstating the Charging Party based on his drug and alcohol addiction, and his record of drug and alcohol addiction. Because the NBA acted as the Mavericks' agent, the Mavericks have violated the ADA.

Having determined that there is reason to believe that violations have occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of the matter. A representative of this office will be in contact with each party in the near future to begin the conciliation process. Disclosure of the information obtained by the Commission during the conciliation process will be made in accordance with Section 1601.26 of the Commission's Procedural regulations. When the Respondent declines to enter into settlement discussions, or when the Commission's representative is unable to secure a settlement acceptable to the Office

Director, the Director shall so inform the parties in writing and advise them of the court enforcement alternative available to Charging Party aggrieved persons and the Commission.

On Behalf of the Commission

5/17/07
Date

*[signature]*
Spencer H. Lewis, Jr.
District Director