# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

Roy Tarpley

Plaintiff

v.
Civil Action No.<br>4:07−cv−03132

National Basketball Association, Inc., et al.

Defendant

## ORDER FOR CONFERENCE
### AND
### DISCLOSURE OF INTERESTED PARTIES

1.    Counsel shall appear for an initial pretrial and scheduling conference before

**UNITED STATES MAGISTRATE JUDGE FRANCES H. STACY**

**on January 10, 2008 at 515 Rusk, at 10:00 AM**
**7th Floor, Courtroom 704,**
**Houston, TX 77002**

2.    Counsel shall file with the clerk within fifteen days from receipt of this order a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individual listing is not necessary. <u>Underline the name of each corporation whose securities are publicly traded</u> . If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel shall promptly file an amended certificate with the clerk.

3.    Fed. R. Civ. P. 4(m) requires defendant(s) to be served within 120 days after the filing of the complaint. The failure of plaintiff(s) to file proof of service within 120 days after the filing of the complaint may result in dismissal of this action by the court on its own initiative.

4.    After the parties confer as required by Fed. R. Civ. P. 26(f), counsel shall prepare and file not less than 10 days before the conference a joint discovery/case management plan containing the information required on the attached form.

5.    The Magistrate Judge will enter a Scheduling Order and may rule on any non−dispositive pending motions at the conference. The parties must be prepared to argue all pending or anticipated motions of any sort.

6.    Counsel who file or remove an action must serve a copy of this Order with the summons and complaint or with the notice of removal.

7.    Attendance by an attorney who has authority to bind the party is required at the conference. (Local Rule 8). The Court reserves the discretion of holding Conferences by phone.

8.    Counsel shall discuss with their clients and each other whether alternative dispute resolution is appropriate and at the conference advise the Court of the results of their discussions.

9.    A person litigating pro se is bound by the requirements imposed upon counsel in this Order.

10.    Failure to comply with this Order may result in sanctions, including dismissal of the action and assessment of fees and costs.

11.    Any request for a reset of this Conference must be filed in writing no later than seven business days prior to the Conference date.

**Court Procedures:** Information on the court's practices and procedures and how to reach court personnel may be obtained at the Clerk's website at http://www.txs.uscourts.gov or from the intake desk of the Clerk's office.

Melinda Harmon
United States District Judge

**UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS**

Roy Tarpley

                                                    Plaintiff

v.                                                                  Civil Action No.
                                                                    4:07−cv−03132

National Basketball Association, Inc., et al.

                                                    Defendant

INSTRUCTIONS FOR THE PREPARATION OF THE
**JOINT REPORT OF THE MEETING AND
JOINT DISCOVERY/CASE MANAGEMENT PLAN**
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

Please restate the instruction before furnishing the information.

1.    State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

2.    List the cases related to this one that are pending in any state or federal court with the case number and court.

3.    Specify the allegation of federal jurisdiction.

4.    Name the parties who disagree and the reasons.

5.    List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

6.    List anticipated interventions.

7.    Describe class−action issues.

8.    State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

9.    Describe the proposed agreed discovery plan, including:

        A.    Responses to all the matters raised in Rule 26(f).

        B.    When and to whom the plaintiff anticipates it may send interrogatories.

    C.    When and to whom the defendant anticipates it may send interrogatories.

    D.    Of Whom and by when the plaintiff anticipates taking oral depositions.

    E.    Of Whom and by when the defendant anticipates taking oral depositions.

    F.    List expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

    G.    List expert depositions the defendant anticipates taking and their anticipated completion date. See Rule26(a)(2)(B) (export report).

10.    If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.

11.    Specify the discovery beyond initial disclosures that has been undertaken to date.

12.    State the date the planned discovery can reasonably be completed.

13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

14.    Describe what each party has done or agreed to do to bring about a prompt resolution.

15.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

16.    Magistrate judges may now hear jury and non–jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

17.    State whether a jury demand has been made and if it was made on time.

18.    Specify the number of hours it will take to present the evidence in this case.

19.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.

20.    List other motions pending.

21.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

22.    List the names, bar numbers, addresses, and telephone numbers of all counsel.